# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| MERCER MORGAN III, | ) DOMESTIC CASE NO. DM0141-13 |
| Plaintiff, | ) |
| | ) DECISION AND ORDER |
| vs. | ) |
| | ) **Defendant's Motion to Release Separate** |
| DENA DORSEY-MORGAN, | ) **Property and for Attorney's Fees** |
| Defendant. | ) |

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on August 19, 2014 on Dena Dorsey-Morgan's ("Defendant") Motion to Release Separate Property and for Attorney's Fees. Charles H. McDonald III, Esq. appeared on behalf of Defendant. Mercer Morgan III ("Plaintiff") was represented by Rachel Taimanao-Ayuyu, Esq. Following the hearing, the Court took the matter under advisement pursuant to CVR 7.1 (e)(6)(D) of the Local Rules of the Superior Court of Guam. Upon review of the written arguments and legal authorities presented by the parties, the Court issues its Decision and Order **DENYING** Defendant's motion.

/ / /

/ / /

/ / /

## BACKGROUND

Plaintiff and Defendant were married on September 29, 2011 in Cancun, Mexico. *See Verified Complaint for Divorce* (Mar. 4, 2013). Plaintiff is a Lt. Commander in the United States Navy. On or about June 2011, Plaintiff received orders for duty on Guam. There are no children born of the marriage nor is there an unborn child of the marriage.

On March 4, 2013, Plaintiff filed a Verified Complaint for Divorce. Plaintiff requests for a divorce from Defendant on the grounds of irreconcilable differences. Defendant filed her Answer and Verified Counterclaim for Divorce on March 14, 2013. Defendant requests for a divorce on the grounds of extreme cruelty, adultery, and habitual intemperance.

On April 15, 2013, Defendant filed a Petition for Conciliation Jurisdiction. Plaintiff filed his objection to the Petition for the Conciliation Jurisdiction on April 26, 2013. On May 9, 2014, the Court received a report from Inafa'Maolek Conciliation that the parties participated willingly and in good faith in a mediation session. After three hours of mediation, no agreement was reached.

Defendant now moves the Court for an Order to release separate property and for attorney's fees. *See Ex Parte Mot. to Release Separate Property & For Attorney's Fees* (May 15, 2014). Plaintiff filed an opposition to Defendant's motion on August 7, 2014. On August 15, 2014, Defendant filed her Reply. The Court heard the matter on August 19, 2014.

## DISCUSSION

Defendant moves the Court to release her separate property. Defendant states that the Navy moved free of charge her "personal property to Guam from her home in Chesapeake, Virginia." *See Def's Mot.* at 1 (May 15, 2014). Now with the pending divorce proceedings, Defendant contends that the Navy picked up Plaintiff's personal property in Guam and

transported it to Las Vegas, Nevada. Hence, on October 7, 2013, Defendant made arrangements with the Navy to ship her separate property back to her home in Virginia. *Id.* However, Defendant also contends that Plaintiff without her knowledge or approval changed her shipping instructions and named himself as her receiving agent in Virginia instead of Marvell Dudley, her original receiving agent. Defendant states that she will be incurring property storage fees if her property is not released by June 9, 2014, and is requesting a court order to get her property. *Id.*

Plaintiff objects to Defendant's motion. Plaintiff argues that the Court initially set a trial date for November 2013. "Instead of having her day in Court, Defendant agreed to a settlement on property distribution at the eve of trial. In addition, Defendant had represented to the Court in prior hearings that that she did not have Plaintiff's separate property in her possession at their home on Guam. Defendant has since packed up all her belongings in that home and shipped it to Virginia. Plaintiff believes that his separate property may be in Defendant's shipment, along with community property." *Plaintiff's Opp'n Mot.* at 2 (Aug. 7, 2014).

Characterization of property in a marital dissolution action is the determination by the trial court of what property owned by the parties is separate or community property. *Hart v. Hart*, 2008 Guam 11 ¶ 24. Apportionment is used "[w]hen a trial court concludes that property contains both separate and community interests." *Hart*, 2008 Guam 11 ¶ 38. Separate property is property acquired by either spouse before the marriage or after entry of a decree of dissolution of marriage. 19 G.C.A. § 6101 (a)(1). Community property is property acquired by either spouse during the marriage which is not separate property. 19 G.C.A. § 6101 (b). Moreover, "property acquired during marriage by either husband or wife…is presumed to be community property." *Blas v. Cruz*, 2009 Guam 12 ¶ 23. Here, in order to ensure that any and

all community property, as well as Plaintiff's and Defendant's separate property is properly characterized, the Court must make a factual finding. The Court is of the opinion that an evidentiary hearing would encourage piecemeal litigation. In the interest of judicial economy and efficiency, the properties in question would be better characterized at trial. Accordingly, the Court DENIES Defendant's motion.

CONCLUSION

By preponderance of the evidence and based on the foregoing reasons, the Court **DENIES** Defendant's Motion to Release Separate Property and Attorney's Fees.

The Court sets this matter for F/P 11/25/14 on 10 a.m.

**SO ORDERED** this 21 day of OCTOBER, 2014.

_____

HONORABLE ANITA A. SUKOLA

Judge, Superior Court of Guam

SERVICE VIA COURT BOX

I acknowledge that a copy of the original hereto was placed in the court box of:

Tarmanao-Ayuyu

Berman

Date: 10/21/14   Time: 4:35 p

Deputy Clerk